No. 23-3793

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA, ET AL.,

*Defendants-Appellants*,

V.

B&L PRODUCTIONS, INC., D/B/A CROSSROADS OF THE WEST, ET AL.,

*Plaintiffs-Appellees*.

**On Appeal from the United States District Court
for the Central District of California**
No. 8:22-cv-01518 JWH (JDEx)
The Honorable John W. Holcomb, Judge

**DEFENDANTS-APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE AND SUSPEND BRIEFING SCHEDULE**

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE
LARA HADDAD
Supervising Deputies Attorney General

NICOLE J. KAU
Deputy Attorney General
State Bar No. 292026
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6220
  Fax: (916) 731-2119
  Email: Nicole.Kau@doj.ca.gov
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

December 7, 2023

## INTRODUCTION

Defendants-Appellants Governor Gavin Newsom, Attorney General Rob Bonta, California Department of Food and Agriculture Secretary Karen Ross, and 32nd District Agricultural Association (collectively, State Defendants) request that the Court hold this appeal in abeyance pending the resolution of the related case, *B&L Productions, Inc. v. Newsom*, No. 3:21-cv-01718 (S.D. Cal.), 23-55431 (9th Cir.) (the Southern District case). Both cases concern the same constitutional challenges to the prohibition of the sale of firearms, ammunition, and precursor parts on state property. The principal parties in both cases are also the same. Because the Southern District case is fully briefed and will likely be heard in March or April of 2024, holding this case in abeyance would promote judicial economy. In the alternative, coordinating these cases for oral argument would be appropriate.[1]

---

[1] Plaintiffs-Appellees oppose the request to hold this case in abeyance pending the Southern District case appeal, but do not oppose the alternative request that both cases be coordinated or related so that they would be heard by the same panel on the same day.

1

## FACTUAL AND PROCEDURAL BACKGROUND

I. **NEARLY IDENTICAL STATUTES ARE CHALLENGED IN BOTH CASES**

In this case and the Southern District case, plaintiffs challenge nearly identical statutes on the same grounds—alleged violations of the First Amendment, Equal Protection, and Second Amendment. In the Southern District case, plaintiffs challenge Assembly Bill 893, which prohibits the sale of firearms and ammunition at the Del Mar Fairgrounds in the County of San Diego, or any other property under the control of the 22nd District Agricultural Association. Cal. Food and Agric. Code, § 4158. AB 893 has been amended by Assembly Bill 311, which adds a prohibition on the sale of firearm precursor parts.

In this case, which was filed in the Central District, plaintiffs challenge Senate Bills 264 and 915. These bills also prohibit the sale of firearms, ammunition, and precursor parts, but at the OC Fair and Event Center (OC Fairgrounds) in the County of Orange, and on state property, respectively. Cal. Pen. Code, §§ 27575, 27573. All three bills exempt gun buyback

events held by a law enforcement agency.  Cal. Food and Agric. Code, § 4158; Cal. Pen. Code, §§ 27575, 27573.[2]

## II. Procedural Background

The lead plaintiff in both cases is B&L Productions, Inc. d/b/a Crossroads of the West, a promoter that has operated gun show events at the Del Mar Fairgrounds and OC Fairgrounds.  The remaining plaintiffs in both cases are individuals that have participated in gun show events in various capacities and Second Amendment advocacy organizations.  Defendants in the two cases are also largely the same—Governor Gavin Newsom, Attorney General Rob Bonta, and California Department of Food and Agriculture Secretary Karen Ross.  Additional defendants in the Southern District case are San Diego District Attorney Summer Stephan and 22nd District Agricultural Association, which oversees the Del Mar Fairgrounds.  Additional defendants in this case are Orange County District Attorney Todd Spitzer[3] and the 32nd District Agricultural Association, which oversees the OC Fairgrounds.

---

[2] SB 264 and SB 915 include exemptions not included in AB 893 and 311, but none of the exemptions are at issue here.
[3] Defendant Spitzer has not appeared in the underlying matter.

3

In the Southern District case, the district court granted defendants' motion to dismiss, holding that plaintiffs failed to state a First Amendment, Equal Protection, or Second Amendment claim. *B&L Productions, Inc. v. Newsom*, S.D. Cal., 21-cv-01718, ECF No. 35. The plaintiffs in that case filed a notice of appeal on May 9, 2023, *id.*, ECF No. 55, and the case has been fully briefed on appeal. The Court has requested the parties' availability for upcoming argument calendars in March and April 2024. *B&L Productions*, *Inc.*, 9th Cir., 23-55431, ECF No. 25.

In this case, the district court granted plaintiffs' motion for a preliminary injunction, holding that plaintiffs are likely to succeed on their First Amendment, Equal Protection, and Second Amendment claims, and that the equitable factors weigh in favor of an injunction. *B&L Productions, Inc. v. Newsom*, C.D. Cal., 8:22-cv-01518, ECF No. 43. The notice of appeal was filed on November 27, 2023, *id.*, ECF No. 51, and the opening brief is due December 26, 2023.

## DISCUSSION

**I. IT WOULD SERVE JUDICIAL ECONOMY TO HOLD THIS APPEAL IN ABEYANCE PENDING THE DECISION ON THE SOUTHERN DISTRICT OF CALIFORNIA APPEAL**

The State Defendants request that the Court hold this appeal in abeyance until it issues a decision in the Southern District case. This Court

has the inherent authority to manage its own docket, including by holding appeals in abeyance where appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). To determine whether to stay proceedings, the Court generally examines "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Holding this appeal in abeyance pending the decision in the Southern District appeal would be appropriate here for three reasons. First, the cases involve closely related legal issues—whether prohibiting the sale of firearms, ammunition, and precursor parts on certain Fairgrounds or state property violates the First Amendment, Equal Protection Clause, or Second Amendment. While this appeal also concerns the equitable factors necessary

5

for preliminary injunctive relief, both district court rulings addressed these three claims in the orders that have been appealed.

Second, the parties are largely the same—plaintiff B&L Productions is the principal plaintiff in both cases, and defendants Newsom, Bonta, and Karen Ross are the principal defendants in both cases.

Third, the Southern District appeal is already fully briefed and will likely be heard in March or April of 2024. The decision issued therein will, at the least, provide guidance in these proceedings. And holding this appeal would not only ensure consistency across both cases but also would conserve the Court's resources and those of the parties. With oral argument in the Southern District appeal just months away, and that appeal likely to have priority over this appeal, *see* 9th Cir. R. 34-3 advisory committee's note (1); 9th Cir. General Order 4.1(a), no party would be prejudiced by a stay of the proceedings in this case.

## II. IN THE ALTERNATIVE, IT WOULD SERVE JUDICIAL ECONOMY TO COORDINATE BOTH APPEALS FOR ORAL ARGUMENT

The Court has discretion to calendar cases raising the "same issues" together so that they "may be heard at the same time." 9th Cir. Advisory Committee Note to Rules 34-1 to 34-3(1). As discussed above, both cases raise highly similar issues and the principal parties are the same. And the

timing of both appeals is such that coordination for oral argument is feasible and appropriate. Briefing on this appeal will be completed in mid-February of 2024, and thus it appears to be possible under the current schedule for this appeal to be heard at the same time as the Southern District appeal in March or April of 2024.

## CONCLUSION

The State Defendants respectfully request that this Court hold this case in abeyance pending the decision in the appeal from the Southern District case, or in the alternative, coordinate both *B&L Productions v. Newsom* cases for oral argument.

Dated: December 7, 2023    Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE
LARA HADDAD
Supervising Deputies Attorney General

/s/ NICOLE J. KAU
NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | **B&L Productions, Inc., et al. v. Gavin Newsom, et al. [Appeal]** | Case No.: | **23-3793** |

I hereby certify that on <u>December 7, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS-APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE AND SUSPEND BRIEFING SCHEDULE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>December 7, 2023</u>, at Los Angeles, California.

| | |
|---|---|
| Kevin Carballo | *Kevin Carballo* |
| Declarant | Signature |

SA2023306200
66432014.docx