Case No. 23-3793

In the United States Court of Appeals
for the Ninth Circuit

———————————————

GAVIN NEWSOM,
in his official capacity as Governor of the State of California and in his personal capacity, et al.,
*Defendants-Appellants*,

v.

B & L PRODUCTIONS, INC., et al.,
*Plaintiffs-Appellees*.

———————————————

On Appeal from the United States District Court
for the Central District of California
Case No. 8:22-cv-01518 JWH (JDEx)
Honorable John W. Holcomb

———————————————

**PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION TO HOLD APPEAL IN ABEYANCE AND SUSPEND BRIEFING SCHEDULE**

———————————————

C.D. Michel
Anna M. Barvir
Tiffany D. Cheuvront
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
(562) 216-4444
cmichel@michellawyers.com

Donald Kilmer
Law Offices of Donald Kilmer, APC
14085 Silver Ridge Rd.
Caldwell, Idaho 83607
(408) 264-8489
don@dklawoffice.com

*Attorneys for Plaintiffs-Appellees*

December 18, 2023

## INTRODUCTION

Plaintiffs-Appellees B&L Productions, Inc., et al. (collectively, "B&L"), oppose the motion of the government appallants, Governor Gavin Newsom, et al. (collectively, "the State"), to hold his appeal in abeyance and suspend the briefing schedule pending the resolution of *B&L Productions, Inc. v. Newsom*, Ninth Cir. Case No. 23-55431 ("the Southern District Case").

B&L, of course, agrees that this Court should exercise its inherent authority over its docket to promote judicial economy in these related appeals. But indefinitely stalling this interlocutory appeal of a preliminary injunction order —which is entitled to hearing or submission priority, 9th Cir. R. 3-3, 34-3(3)—does not serve those ends. At best, it would only delay the resolution of B&L's important constitutional claims. At worst, it would allow the State to manipulate the appellate process by cherry-picking the litigation of some proceedings, pursuing only those it prefers, and putting everything else on hold. The Court should reject the State's self-serving attempt to shop for the case it wishes to proceed and instead coordinate the calendar so that both cases can be heard by the same panel on the same day.

## FACTUAL BACKGROUND

The Southern District case involves a challenge to Assembly 893, a California law that prohibits the buying and selling of firearms, ammunition, and precursor parts on any property or in any building that makes up the Del Mar Fairgrounds. Complaint ¶ 5, *B&L Prods., Inc., v. Newsom*, No. 21-cv-1718 (S.D. Cal. Oct. 4, 2021) (ECF No. 1). Because the law effectively bans events known as "gun shows" at the Fairgrounds, B&L Productions, a gun show promoter, along with several individuals, organizations,

2

and gun show vendors, sued in the Southern District of California. *Id.* ¶¶ 155-220. They challenged the law on First Amendment and Equal Protection grounds. And they later added a Second Amendment claim. First Amended Complaint ¶¶ 238-245, *B&L Prods.*, No. 21-cv-1718 (S.D. Cal. Aug. 31, 2022) (ECF No. 36). After losing a second motion to dismiss, the plaintiffs (including several plaintiffs here) appealed.[1] That appeal has been fully briefed, and this Court has notified the parties that it is considering the case for oral argument in March or April 2024. Docket Text Order, *B&L Prods. v. Newsom*, No. 23-55431 (9th Cir. Nov. 3, 2023) (ECF No. 25).

The present appeal involves a challenge to Senate Bill 264 and Senate Bill 915, a pair of California laws that prohibit the buying and selling of firearms, ammunition, and firearm precursor parts on any property or in any building that makes up the Orange County Fair & Event Center and on all state-owned property, respectively. Complaint ¶ 5, *B&L Prods., Inc., v. Newsom*, No. 22-cv-1518 (C.D. Cal. Aug. 12, 2022) (ECF No.1). Because the law effectively bans "gun shows" at the Fairgrounds and all other state venues, B&L Productions, a gun show promoter, with several individuals, organizations, and vendors, sued in the Central District, alleging that both SB 264 and

---

[1] Having allowed the plaintiffs to amend their First Amendment and Equal Protection claims after a first motion to dismiss was granted, the district court dismissed those claims without further leave to amend. Amended Order Granting Defendants' Moton to Dismiss Plaintiffs' First Amended Complaint 12, *B&L Prods.*, No. 21-cv-1718 (S.D. Cal. Mar. 14, 2023) (ECF No. 51). Because the Second Amendment claim was not at issue in the first motion to dismiss, the court gave the plaintiffs the opportunity to amend that claim. *Id.* The plaintiffs opted not to amend, however, because there were no factual allegations that they could raise that would address the concerns raised in the court's order of dismissal. Notice of Intent Not to File Second Amended Complaint, *B&L Prods.*, No. 21-cv-1718 (S.D. Cal. Mar. 24, 2023) (ECF No. 52).

SB 915 violate the First Amendment, Second Amendment, and Equal Protection Clause. *Id.*

B&L filed a motion for a preliminary injunction in the Central District on November 16, 2022. Plaintiffs' Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. No. 16, 2022) (ECF No. 21). That motion took a scenic route. After it was fully briefed, at the State's request, the Honorable John W. Holcomb ordered the parties to submit supplemental briefing on B&L's Second Amendment claim. Order for Supplemental Briefing Re: Plaintiffs' Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Jan. 6, 2023) (ECF No. 25). Under the court's order, the parties filed simultaneous briefs on January 27, 2023. State Defendants' Supplemental Brief in Opposition to Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Jan. 27, 2023) (ECF No. 26); Plaintiffs' Court-Ordered Supplemental Brief in Support of Plaintiffs' Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Jan. 27, 2023) (ECF No. 27).

Judge Holcomb issued a second order for additional supplemental briefing on the Second Amendment claim—this time requiring the state defendants to file an initial brief on or before February 24, 2023, then for the plaintiffs to file a response by March 10, 2023, and finally for the State to reply by March 24, 2023. Order for Additional Supplemental Briefing Re: Plaintiffs' Motion for Preliminary Injunction, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Feb. 1, 2023) (ECF No. 28). After this second round of supplemental briefing, a hearing on the motion was held, and the court took the matter under submission. *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Feb. 1, 2023) (ECF No. 21).

On October 30, 2023, the Central District granted B&L's motion for preliminary injunction, holding that B&L is likely to succeed on the merits of their First Amendment, Second Amendment, and Equal Protection claims. Order Granting Plaintiffs' Motion for Preliminary Injunction [ECF No. 31] 2, *B&L Prods., Inc. v. Newsom*, No. 22-cv-1518 (C.D. Cal. Oct. 30, 2023) (ECF No. 43). The court also found that B&L has suffered and will continue to suffer irreparable harm if preliminary relief were denied and that the balance of equities and the public interest tip in B&L's favor. *Id.* at 28-29. Finally, the district court denied the State's motion, made during oral argument, to stay the preliminary injunction pending appeal. *Id.* at 29-30.

Two weeks later, the State asked the district court to reconsider the denial of its motion for a stay. State Defendants' Notice of Motion & Motion for Reconsideration of Stay of Injunction Pending Appeal, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Nov. 13, 2023) (ECF No. 45). The district court denied the motion on December 6, 2023. Order Denying Defendants' Motion for Reconsideration [ECF No. 45], *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Dec. 6, 2023) (ECF No. 54). The district court has not stayed proceedings in the lower court, and the parties are scheduled to appear before the court on January 12, 2024, for a case scheduling conference. Order Setting Scheduling Conference, *&L Prods.*, No. 22-cv-1518 (C.D. Cal. Nov. 1, 2023) (ECF No. 44).

The State filed a notice of preliminary injunction appeal on November 27, 2023. This Court set the following briefing schedule: (1) the State's Opening Brief is due on December 26, 2023; (3) B&L's Answering Brief is due on January 23, 2024;

and (3) the State's Reply Brief is due on February 13, 2024. Order (Dec. 1, 2023), ECF No. 3.1. Under this Court's rules and the briefing schedule order, "no streamlined extensions of time will be approved," *id.* at 2 (citing 9th Cir. R. 31-2.2(a)(3)), and extensions to this schedule are only granted "upon written motion supported by a showing of diligence and substantial need," 9th Cir. R. 31-2.2.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In deciding a motion to stay proceedings (or hold them in abeyance), the Court should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## DISCUSSION

This Court should deny the State's motion to hold this appeal in abeyance pending the resolution of the Southern District case. The State has not shown that the resolution of that appeal is likely to control the outcome of this case in any material way, such that the "orderly course of justice" demands this case sit on the sidelines while the Southern District case advances to final judgment. Nor has it identified any harm—irreparable or otherwise—that it would suffer from moving forward now and

6

litigating both appeals together. On the other hand, the requested abeyance would result in more needless delay that will significantly prejudice both B&L and the public interest.

The Court should deny the State's request to hold this case in abeyance and grant the alternative request to coordinate the cases to be heard by the same panel on the same day while keeping the current, expedited briefing schedule noted above..

I. **HOLDING THIS APPEAL IN ABEYANCE DOES NOT SERVE THE INTEREST IN JUDICIAL ECONOMY, IT WILL ONLY CAUSE DELAY**

The State's only grounds for holding this appeal in abeyance boils down to this: The issues and parties in both appeals are "largely the same," so any decision issued in the Southern District case is likely to "provide guidance in these proceedings," and abeyance will "ensure consistency" and conserve court and party resources. Mot. 6. The argument crumbles under its own weight.

First, it is far from clear that a decision in the Southern District case will guide the Court or parties in the resolution of this case at all. That matter is on appeal of a Rule 12(b)(6) dismissal for failure to state a claim, while this case is on appeal of an order granting preliminary injunction. The standards that govern each case—in both the district court and on appeal—are vastly different, so the cases turn on very different issues.

Recall, the Southern District case was dismissed at the pleadings stage without any record development or even oral argument. And the appellate briefing reveals that now even the State accepts that there may be no way to resolve the merits without remand to develop the historical factual record required to conduct a proper Second

Amendment analysis. *See* Appellees' Answering Brief 29, n.9, *B&L Prods.*, No. 23-55431 (Oct. 11, 2023) (ECF No. 19). The district court also made improper factual determinations in the State's favor that it could not have made under the well-established rule that, on a motion to dismiss, all reasonable allegations in the complaint must be taken in the light most favorable to plaintiffs. *See, e.g.*, Appellants' Reply Brief 23-24, *B&L Prods.*, No. 23-55431 (Dec. 1, 2023) (ECF No. 28) (explaining that the district court's rejection of the equal protection claims ignored plaintiffs' allegations of discrimination by the 22nd District Agricultural Association). It is thus likely that the resolution of the Southern District case will turn not on the merits of the underlying claims, but on the proper standard for deciding Rule 12 motions.

The preliminary injunction here, on the other hand, was granted only after multiple rounds of briefing, the submission of evidence, and a nearly two-hour-long hearing. Further, the appellate court must give the lower court substantial deference in its decision to grant an injunction; the decision is reviewed on appeal only for abuse of discretion. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Garcia v. Google*, 786 F.3d 733, 739 (9th Cir. 2015) (en banc). "An abuse of discretion will [only] be found if the district court based its decision 'on an erroneous legal standard or clearly erroneous finding of fact.'" *All. for Wild Rockies*, 632 F.3d at 1131 (quoting *Lands Council v. McNair*, 537 F.3d 981, 986 (9th Cir. 2008) (en banc). Indeed, this Court has explained that it "will not reverse the district court where it 'got the law right,' even if we 'would have arrived at a different result,' so long as the district court did not clearly err in its factual determinations." *Id.* (quoting *Lands Council*, 537 F.3d at 987).

Because of the differences in the posture of these cases and the standards that govern them, it is unlikely that the outcome of the Southern District case will guide the outcome of this case in any material way. But even assuming this Court will reach the underlying legal questions in both appeals, the interest in judicial economy isn't served better by delaying this case than it is by simply coordinating the calendar so that both cases are heard together. In fact, it isn't served at all.

This appeal is already on track to be fully briefed by early February 2024, and the Southern District case is being considered for oral argument in March or April. Order (Dec. 1, 2023), ECF No. 3.1, *with* Docket Text Order, *B&L Prods.*, No. 23-55431 (9th Cir. Nov. 3, 2023) (ECF No. 25). Because the constitutional issues are largely the same, the panel could ostensibly be ready to hear both cases without deviating from the current timelines. But even if it could not, there is no reason the Court could not briefly delay argument in the Southern District case to hear both appeals together. This course would *actually* conserve the resources of both the Court and the parties. It would result in far less delay than halting all proceedings in this appeal until after a decision is rendered in the Southern District case. And the Court would not have to convene two different panels at two different times to hear these two related appeals.

## II. THE STATE WILL NOT SUFFER ANY HARM IF THIS CASE ADVANCE, WHILE ABEYANCE MAY SUBSTANTIALLY PREJUDICE B&L

The State has identified no actual "hardship or inequity," *Lockyer*, 398 F.3d at 1110, that it would face if it were forced to move forward with its appeal now, file its briefs according to the schedule already set by this Court, and prepare for oral

9

argument in due course. Briefing in the Southern District case is already complete, so the State is not being forced to litigate both appeals simultaneously. And, no matter what, the State will have to file its two briefs and participate in oral arguments. Doing so now instead of several months down the road is hardly an inconvenience, let alone a hardship—especially considering that it was the State that chose to bring this interlocutory appeal now instead of simply waiting to appeal any final judgment.

On the other hand, further delay has the potential to substantially prejudice B&L. This case involves critical questions about the constitutional rights of Californians under the First Amendment, Second Amendment, and Equal Protection Clause. The denial of those rights, even for a brief period, constitutes "irreparable harm." *See Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). While the laws have been preliminarily enjoined, the State has repeatedly asked the district court to stay its order of injunction pending appeal. *See* State Defendants' Motion for Reconsideration, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Nov. 13, 2023) (ECF No. 45). Having twice been denied that relief below, the State may now ask this Court (or the Supreme Court) to stay the injunction order. Order Denying Defendants' Motion for Reconsideration, *B&L Prods.*, No. 22-cv-1518 (C.D. Cal. Dec. 6, 2023) (ECF No. 54). Should this Court grant any such request, Californians will see their rights denied indefinitely while this appeal languishes in abeyance.

## CONCLUSION

For these reasons, B&L asks this Court to deny the State's motion to hold this appeal in abeyance and suspend the briefing schedule. Abeyance does not serve the

interests of judicial economy, the State will suffer no hardship absent the relief it seeks, and B&L may be substantially prejudiced if this case is stayed. The State's alternative request for relief—coordinating or relating the two appeals for oral argument before the same panel—is the far better course. It will serve the important interests of "ensur[ing] consistency across both cases" and conserving judicial resources, while not prejudicing either party.

Date: December 18, 2023　　　　　　**MICHEL & ASSOCIATES, P.C.**

　　　　　　　　　　　　　　　　　　s/ Anna M. Barvir
　　　　　　　　　　　　　　　　　　Anna M. Barvir
　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs-Appellants B&L Productions, Inc., dba Crossroads of the West; Barry Bardack; Ronald J. Diaz, Sr.; John Dupree; Christopher Irick; Robert Solis; Lawrence Michael Walsh; Captain Jon's Lockers, LLC; L.A.X. Firing Range, Inc., dba LAX Ammo; California Rifle & Pistol Association, Inc.; South Bay Rod and Gun Club, Inc.*

Date: December 18, 2023　　　　　　**LAW OFFICES OF DONALD KILMER, APC.**

　　　　　　　　　　　　　　　　　　s/ Donald Kilmer
　　　　　　　　　　　　　　　　　　Donald Kilmer
　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff-Appellant Second Amendment Foundation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2023, an electronic PDF of PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION TO HOLD APPEAL IN ABEYANCE AND SUSPEND BRIEFING SCHEDULE was uploaded to the Court's CM/ECF system, which will automatically generate and send by electronic mail a Notice of Docket Activity to all registered attorneys participating in the case. Such notice constitutes service on those registered attorneys.

Date: December 18, 2023               s/ Anna M. Barvir
                                      Anna M. Barvir