No. 23-3793

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF CALIFORNIA AND IN HIS PERSONAL CAPACITY, ET AL.,
*Defendants-Appellants*,

V.

B&L PRODUCTIONS, D/B/A CROSSROADS OF THE WEST, ET AL.,
*Plaintiffs-Appellees*.

**On Appeal from the United States District Court
for the Central District of California**
No. 8:22-cv-01518 JWH (JDEx)
The Honorable John W. Holcomb, Judge

**STATE APPELLANTS' REPLY BRIEF IN SUPPORT OF MOTION TO HOLD APPEAL IN ABEYANCE AND SUSPEND BRIEFING SCHEDULE**

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
R. MATTHEW WISE
LARA HADDAD
Supervising Deputies Attorney General

NICOLE J. KAU
Deputy Attorney General
State Bar No. 292026
 300 South Spring Street, Suite 1702
 Los Angeles, CA 90013-1230
 Telephone: (213) 269-6220
 Fax: (916) 731-2119
 Email: Nicole.Kau@doj.ca.gov
*Attorneys for Defendants-Appellants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

December 22, 2023

## INTRODUCTION

State Defendants have moved to hold this appeal pending the resolution of the related case, *B&L Productions, Inc. v. Newsom*, No. 3:21-cv-01718 (S.D. Cal.), 23-55431 (9th Cir.) (the Southern District case), or in the alternative, coordinate those cases so that they are heard by the same panel. As explained in the motion, both cases concern the same constitutional challenges to nearly identical statutes. Plaintiffs in their response concede these facts. Opp'n at 2-3. They oppose, however, holding this matter in abeyance, contending that the resolution of the other *B&L* case is not likely to affect the outcome of this case "in any material way," (Opp'n at 6), and because doing so, they assert, would "cause delay" to the resolution of their claim. Opp'n at 7. Neither contention has merit. The Southern District matter will necessarily inform this matter, if not resolve it outright. And the interests of judicial economy weigh in strong favor of holding this matter in abeyance. Nor will holding this case in abeyance cause unnecessary delay; this Court is contemplating oral argument in the Southern District matter in a few short months.

Moreover, holding this case in abeyance will not prejudice Plaintiffs. A preliminary injunction is in place and the district court here declined to stay the preliminary injunction pending appeal; the State Defendants do not plan to request this Court for such a stay. Plaintiffs thus have the benefit of the injunction during

any period of abeyance, and they may proceed with gun shows where vendors may sell firearms, which they intend to do as early as January 2024. Nevertheless, Plaintiffs agree that the cases at the very least should be coordinated; if this Court declines to hold this appeal in abeyance, the State Defendants respectfully request that this case be coordinated with the Southern District matter.

## DISCUSSION

When considering a request to hold appellate proceedings in abeyance, this Court generally examines the possible harm to parties from granting or denying the request, and whether abeyance will further judicial economy. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The factors here weigh in favor of holding this case in abeyance pending a decision in the parallel appeal of the Southern District case, given the same underlying constitutional challenges in both cases. In addition, there will be no prejudice to Plaintiffs if the Court holds this appeal in abeyance.

As discussed in the motion, the statutes challenged both in the Southern District case and in this matter are largely the same—they all preclude the sale of firearms, ammunition, and precursor parts either on a specific state property or all state property. Stats. 2019, c. 731 (A.B. 893), § 2, eff. Jan. 1, 2020, operative Jan. 1, 2021 (Del Mar Fairgrounds), amended by Stats. 2022, c. 139 (A.B. 311), § 1, eff. Jan. 1, 2023; Stats. 2021, c. 684 (S.B. 264), § 2, eff. Jan. 1, 2022 (Orange

3

County Fairgrounds); Stats. 2022, c. 145 (S.B. 915), § 1, eff. Jan. 1, 2023 (all state property). Plaintiffs do not dispute that the same claims are alleged in both cases—constitutional violations of the First Amendment, Equal Protection Clause, and the Second Amendment. In the Southern District matter, the court held that the plaintiffs failed to state a claim on each of these three causes of action. This Court's decision in the Southern District case would most likely determine, or at least inform, whether Plaintiffs also failed to state any one of those claims in this matter—and thus would directly affect whether the district court correctly held that Plaintiffs have shown a likelihood of success on the merits of their claim here. Plaintiffs focus on the different standards of judicial review of a motion to dismiss and preliminary injunction motion (Opp'n at 7-9), but that misses the mark: while a preliminary injunction is reviewed for abuse of discretion, "[t]he district court's interpretation of the underlying legal principles . . . is subject to de novo review and a district court abuses its discretion when it makes an error of law." *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020) (internal quotations omitted). This Court's ruling in the Southern District matter, then, will necessarily inform its ruling, and the arguments to be made, in this appeal, regardless of the difference in procedural postures. Holding this appeal in abeyance pending the Southern District matter would prevent a duplicative expenditure of litigant and judicial resources.

Plaintiffs also have not shown that they will be prejudiced if this case is held in abeyance. The laws have been preliminarily enjoined, and the district court denied the request for a stay pending appeal and reconsideration thereof. And the State Defendants do not plan to request this Court to stay the injunction. In fact, Plaintiff B&L Productions, Inc. has reserved dates in January and March of 2024 at the Orange County Fairgrounds for gun shows. *B&L Productions, Inc. v. Newsom*, 8:22-cv-01518 (C.D. Cal.), ECF No. 45-2, ¶¶ 5-6. The Southern District appeal will likely be heard in March or April of 2024. Plaintiffs have demonstrated no hardship that they would incur should the State Defendants' motion be granted.

//

//

//

//

//

//

//

//

//

## CONCLUSION

The State Defendants respectfully request that this Court hold this case in abeyance pending the decision in the appeal from the Southern District case, or in the alternative, coordinate both cases to be heard by the same panel on appeal.

Dated: December 22, 2023      Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
LARA HADDAD
Supervising Deputy Attorney General
/s/ NICOLE J. KAU
NICOLE J. KAU
Deputy Attorney General
*Attorneys for Defendants-Appellants Governor Gavin Newsom, Attorney General Rob Bonta, Secretary Karen Ross, and 32nd District Agricultural Association*

# CERTIFICATE OF SERVICE

Case Name: **B&L Productions, Inc., et al. v. Gavin Newsom, et al. [Appeal]**

Case No.: **23-3793**

I hereby certify that on December 22, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**STATE APPELLANT'S REPLY BRIEF IN SUPPORT OF MOTION TO HOLD APPEAL IN ABEYANCE AND SUSPEND BRIEFING SCHEDULE**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on December 22, 2023, at Los Angeles, California.

Kevin Carballo
Declarant

*Kevin Carballo*
Signature

SA2023306200
66432014.docx