

SENIOR PARTNER
C. D. MICHEL*

MANAGING PARTNER
JOSHUA ROBERT DALE

PARTNERS
ANNA M. BARVIR
SEAN A. BRADY
MATTHEW D. CUBEIRO
W. LEE SMITH

ASSOCIATES
TIFFANY D. CHEUVRONT
ALEXANDER A. FRANK
KONSTADINOS T. MOROS

OF COUNSEL
JASON A. DAVIS
JOSEPH DI MONDA
SCOTT M. FRANKLIN
MICHAEL W. PRICE
TAMARA M. RIDER

\* ALSO ADMITTED IN TEXAS AND THE
DISTRICT OF COLUMBIA

WRITER'S DIRECT CONTACT:
562-216-4444
ABarvir@michellawyers.com

March 1, 2024

**VIA E-FILING**
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
95 7th Street
San Francisco, CA 94103

    **Re:** **Fed. R. App. P. 28(j) – Notice of Supplemental Authority**
          ***B&L Productions, Inc., et al., v. Gavin Newsom, et al.*,**
          **Case No.: 23-3793 (Appeal from Central District of California)**
          **Oral Argument Date: March 6, 2024**

Dear Ms. Dwyer:

    Appellees submit this letter to inform the panel of this Court's recent order in *Junior Sports Magazines, Inc. v. Bonta*, 80 F.4th 1109 (9th Cir. 2023), a case that is relevant to Appellees' discussion of the commercial speech doctrine. Appellees' Br. 18-25. On December 5, 2023, the *Junior Sports* panel ordered a response to California's petition for rehearing en banc. This Court denied the state's petition on February 20, 2024, after no judge requested a vote. The mandate was issued on February 28, 2024.

    The central holding of *Junior Sports* thus remains the most recent and authoritative interpretation of the law in this circuit on commercial speech. In short, commercial speech regulations—here, banning speech associated with contracts for the sale of lawful products while standing on state-owned land—are First Amendment compliant only if they "'materially' and 'directly' advance[] a substantial government interest and [are] no more extensive than necessary." *Jr. Sports*, 80 F.4th at 1113.

    California claims that the challenged laws serve a substantial interest in promoting public safety. Appellees' Br. 20-22. But the record does not prove that gun shows on state-owned property pose any real threat to public safety. On the contrary, the record shows *inter alia* that, "in California, where both gun shows themselves and gun commerce generally are regulated, sales at gun shows are not a

*B&L Prods., Inc. v. Newsom*, Case No: 23-3793
March 1, 2024
Page 2 of 2

risk factor among licensed retailers for disproportionate sales of crime guns.'" 2-SER-310.

Even if California did have an authentic, "substantial interest" in public safety, the challenged laws do not "directly" advance that interest in any "material" way. Instead, they banish speech associated with *lawful* sales from public land—even though no transfer takes place there—hopeful that doing so will indirectly curtail gun possession generally and, by extension, mitigate *illegal* sales and gun violence. The First Amendment, however, "demands more than good intentions and wishful thinking to warrant the government's muzzling of speech." *Jr. Sports*, 80 F.4th at 1113.

        Sincerely,
        **Michel & Associates, P.C.**

        Anna M. Barvir

Encl.

| | |
|---|---|
| UNITED STATES COURT OF APPEALS<br><br>FOR THE NINTH CIRCUIT | **FILED**<br><br>FEB 20 2024<br><br>MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

JUNIOR SPORTS MAGAZINES INC.; et al.,

        Plaintiffs-Appellants,

 v.

ROB BONTA, in his official capacity as Attorney General of the State of California; DOES 1-10,

        Defendants-Appellees.

No. 22-56090

D.C. No. 2:22-cv-04663-CAS-JC
Los Angeles

ORDER

Before: LEE, SMITH, and VANDYKE Circuit Judges

    Judges Lee and VanDyke voted to deny the petition for rehearing en banc. Judge Smith recommended denying the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. The petition for rehearing en banc is DENIED.