*ROB BONTA*
*Attorney General*

State of California
DEPARTMENT OF JUSTICE

300 SOUTH SPRING STREET, SUITE 1702
LOS ANGELES, CA 90013-1230

Public: (213) 269-6000
Telephone: (213) 269-6356
Facsimile: (916) 731-2119
E-Mail: Charles.Sarosy@doj.ca.gov

March 27, 2024

**Via Appellate Case Management System (ACMS)**
Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE: *Newsom, et al. v. B&L Productions, et al.*, Case No. 23-3793
<u>State Appellants' Citation of Supplemental Authority Pursuant to Federal Rule of Appellate Procedure 28(j)</u>

Dear Ms. Dwyer:

State Appellants write to notify the Court of the decision in *United States v. Perez-Garcia*, Nos. 22-50314, 22-50316, ___ F.4th ___, 2024 WL 1151665 (9th Cir. March 18, 2024).

This Court rejected a Second Amendment challenge to a pretrial release condition that prohibited firearms possession—imposed under the federal Bail Reform Act of 1984—because the condition is "consistent with our nation's historical tradition of firearm regulation." *Perez-Garcia*, 2024 WL 1151665, at *1. After surveying the historical record, this Court concluded the pretrial release condition was consistent with two historical traditions of firearms regulation: (1) "our nation's history of disarming criminal defendants facing serious charges pending trial"; and (2) "our nation's history of barring people or groups deemed dangerous or unlikely to respect the sovereign's authority from possessing firearms." *Id.* at *11, *14.

The Court rejected the challengers' "divide-and-conquer approach to the historical evidence [because it] misses the forest for the trees." *Perez-Garcia*, 2024 WL 1151665, at *18. It explained that in conducting the historical inquiry, "we do not isolate each historical precursor and ask if it differs from the challenged regulation in some way" because *Bruen* does not require a "historical twin" or "dead ringer"; rather, "[w]e instead examine the historical evidence as a whole, determining whether it establishes a tradition of permissible regulation . . . and whether the historical precedent and the modern regulation are 'relevantly similar' . . . so as to 'evince[ ] a comparable tradition of regulation.'" *Id.* (quoting *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 27, 29 (2022)). Accordingly, the government did not need to identify an analogue that functioned identically to the challenged pretrial release condition. *Perez-Garcia*, 2024 WL 1151665, at *14.

March 27, 2024
Page 2

  Here, Appellees' mode of historical analysis is flawed for the same reasons: they look at each analogue in isolation, alleging minute differences between the analogue and challenged laws, in effect demanding a historical twin. *See* AB 29–47; *see also* OB 39–54, Reply 19–26.

         Sincerely,

         */s/ Charles J. Sarosy*

         CHARLES J. SAROSY
         Deputy Attorney General

    For  ROB BONTA
         Attorney General

cc: All counsel of record (by ACMS)

# CERTIFICATE OF SERVICE

| Case Name: | Gavin Newsom, et al. v. B&L Productions, et al. | No. | 23-3793 |

I hereby certify that on <u>March 27, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the ACMS system:

***STATE APPELLANTS' CITATION OF SUPPLEMENTAL AUTHORITY PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 28(J)***

I certify that **all** participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 27, 2024</u>, at Los Angeles, California.

| G. Agcaoili | */s/ G. Agcaoili* |
|---|---|
| Declarant | Signature |

SA2023306200