SENIOR PARTNER
C. D. MICHEL*

MANAGING PARTNER
JOSHUA ROBERT DALE

PARTNERS
ANNA M. BARVIR
SEAN A. BRADY
MATTHEW D. CUBEIRO
W. LEE SMITH

ASSOCIATES
TIFFANY D. CHEUVRONT
ALEXANDER A. FRANK
KONSTADINOS T. MOROS

OF COUNSEL
JASON A. DAVIS
JOSEPH DI MONDA
SCOTT M. FRANKLIN
MICHAEL W. PRICE
TAMARA M. RIDER

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law

* Also admitted in Texas and the District of Columbia

WRITER'S DIRECT CONTACT:
562-216-4444
ABarvir@michellawyers.com

May 30, 2024

**VIA E-FILING**
Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

> Re: Fed. R. App. P. 28(j) – Notice of Supplemental Authority
> *B&L Productions, Inc., et al., v. Gavin Newsom, et al.*,
> Case No: 23-3793 (Appeal from Central District of California)
> Oral Argument Date: March 6, 2024

Dear Ms. Dwyer:

    Under Federal Rule of Appellate Procedure 28(j), we write in response to the State's letter notifying this court of the recent decision in *Doe v. Bonta*, 2024 WL 2037144 (9th Cir. 2024).

    The State's discussion of *Doe* repeats the mistake lower courts often made before *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). In short, it confuses (and conflates) the threshold inquiry required in Second Amendment cases. That inquiry is whether a law *implicates* Second Amendment conduct, not whether it imposes some arbitrarily severe burden on such conduct. *Bruen* is clear "that when the Second Amendment's plain text *covers* an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest.…" *Id.* at 17 (emphasis added). Instead, it must prove "that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.*

    It is well established that the Second Amendment extends to the right to acquire arms, ammunition, and accessories because such commerce is necessary for exercising Second Amendment rights. *See, e.g., Jackson v. City & Cnty. of San Francisco*, 746 F.3d 953 (9th Cir. 2014). Forbidding gun sales at marketplaces the state opens to other ordinary, lawful commerce—the restriction at issue here— plainly implicates "an individual's conduct." This mundane logic mirrors the

*B&L Prods., Inc. v. Newsom*, Case No: 23-3793
May 30, 2024
Page 2 of 2

Supreme Court's favorable citation to *Andrews v. State*, 50 Tenn. 165 (1871) in *District of Columbia v. Heller*, 554 U.S. 570, 614 (2008). As the Tennessee Supreme Court recognized more than 150 years ago, the "right of keep[ing] arms … necessarily involves the right to purchase and use them in such a way as is usual." *Andrews*, 50 Tenn. at 178.

As the State necessarily concedes, the law challenged in *Doe* does not even regulate the conduct of individuals at all. Rather, it regulates the use of information gathered by the state at the point of sale, allowing the *government* to share such information with research institutions. Whatever its merits, *Doe* is simply not relevant to a determination of the issues before this Court.

Sincerely,
**Michel & Associates, P.C.**

Anna M. Barvir